UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

**KIM PARKER, as administratrix of Kari Michelle Parker McCarty's estate and as next friend and guardian of Holly McCarty, et al.**

    **Plaintiffs,**

V.

**GARY FERGUSON, et al.,**

    **Defendants.**

CIVIL ACTION NO. 6:23-CV-91-KKC

**OPINION AND ORDER**

\* \* \* \* \* \* \* \*

This matter is before the Court on the Notice of Removal (DE 1) from Bell Circuit Court filed by the Defendants. This Court has an obligation to address subject matter jurisdiction even if no party raises it. *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). For the following reasons, this matter must be remanded for lack of federal subject matter jurisdiction.

A defendant removing a case to this federal district court must demonstrate that the court would have original jurisdiction over the action. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006); 28 U.S.C. §1441(a). "The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction." *Id*. In the notice of removal, the Defendants state that this Court would have original jurisdiction over this action under 28 U.S.C. §1331, which provides that federal district courts have original jurisdiction over actions that arise under the United States Constitution and federal laws.

The Defendants specifically state that the Plaintiffs did not assert such federal claims in either the original state court complaint filed in 2017 or the intervening complaint filed in state court in 2018. The Defendants assert that in both of those complaints, the Plaintiffs

assert only state-law negligence claims.

Accordingly, the Defendants do not remove this action on the basis of either the complaint or intervening complaint filed in state court. Instead, they remove this action based upon the Plaintiffs' motion to amend the state court complaint. That motion was filed in state court after five years of discovery. The tendered amended complaint asserts a claim under 42 U.S.C. § 1983 for violation of various constitutional rights. It is on the basis of this tendered amended complaint and proposed federal claims that the Defendants removed the action to this Court. In the notice, Defendants state the Court "*would have* subject matter jurisdiction" over this action because of the proposed federal claims. The problem, however, is that the Court does not currently have subject matter jurisdiction over this action. The motion to amend the complaint to assert the federal claims remains pending. Thus, there is currently no federal claim in this action.

Defendants cite 28 U.S.C. § 1446(b)(3), which provides, with an inapplicable exception, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, *of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.*" 28 U.S.C.A. § 1446(b)(3). They argue that it first became apparent when the Plaintiffs filed the motion to amend the complaint that the Plaintiffs intended to pursue claims arising under federal law.

But the motion to amend cannot create a federal claim. A federal claim is asserted in an action only by way of a complaint. And to determine whether removal is proper, the Court must examine the complaint as it existed "at the time of removal." *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). At this point, no complaint filed in the state court action asserts a federal claim. Accordingly, the Court does not have federal

question jurisdiction over this action under 28 U.S.C. §1331 as the Defendants assert. *See MacDowell v. Bank of Am.*, No. 10 CV 1043, 2010 WL 2572633, at *1 (N.D. Ohio June 21, 2010) ("This Court's jurisdiction arises based on the claims pending at the time of removal. At the time of removal, however, the pending complaint contained no federal claim. As such, federal question jurisdiction does not lie and remand is appropriate."); *Reaves v. Crews*, No. 3:22-CV-0732-TLW-TER, 2022 WL 2673066, at *3 (D.S.C. May 10, 2022), report and recommendation adopted, No. 322CV00732TLWTER, 2022 WL 2670805 (D.S.C. July 11, 2022) (stating, "[e]ven if the Response could be construed as a motion to amend the complaint, the case would not become removable until leave was granted by the state court to amend the complaint"); *Vince's Crab House, Inc. v. Olszewski*, No. CV JKB-20-2218, 2020 WL 5569744, at *3 (D. Md. Sept. 17, 2020).

For these reasons, the Court hereby ORDERS that this matter is REMANDED to Bell Circuit Court.

This 2nd day of June, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY